STUART N. WILSON
Federal I.D. No. 5626
2100 West Loop South, Suite 1125
Houston, Texas  77027
Phone No.: (713) 479-9700


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MN INVESTMENT INC., | § | |
| M INTERNATIONAL IN, | § | |
| AND MORGAN NGUYEN | § | |
|     Plaintiff | § | |
| | § | |
| V. | § | |
| DO NGUYEN, MIRA SONG, | § | CAUSE NO. 3: 22-cv-02814-LB |
| ALEX NGUYEN, D&A COMMERCIAL | § | |
| INVESTMENTS, LLC, AMOUR | § | |
| INTERNATIONAL, A TEXAS | § | |
| CORPORATION AND DOES ONE | § | |
| THROUGH 50, INC.; | § | |
|     Defendants | § | |


## DEFENDANTS, DO NGUYEN AND AMOUR INTERNATIONAL, INC. d/b/a NUREVOLUTION ANTI-SLAPP MOTION TO DISMISS PLAINTIFFS' LAWSUIT

Comes now, DO NGUYEN (hereinafter referred to as "DO"), and AMOUR

INTERNATIONAL, INC. d/b/a NUREVOLUTION (hereinafter referred to as "the

Company"), (collectively referred to as Defendants) and file this their Motion to

Dismiss Plaintiffs' Lawsuit, and would show unto the Court the following:

Page 1

Defendants' Anti-Slapp Motion to Dismiss
Plaintiffs' Lawsuit

# I. FACTS

1.      MORGAN NGUYEN (hereinafter referred to as "Morgan") and MN INVESTMENT, INC. and MN INTERNATIONAL, INC (hereinafter referred to as "the Investors") and (collectively referred to as "Plaintiffs"),  claim in their lawsuit that there was a verbal shareholder agreement between and amongst Morgan, the Investors and the Company.

2.      Morgan and the Investors claim that said verbal shareholder agreement would have :

      a.      the Investors sharing in the profits generated by the Company.

      b.      the Investors being entitled to have any interest in the Company purchased by Do when the Company became profitable.

3.      Additionally, Morgan and the Investors claim in their lawsuit the following:

      a.      that Morgan would be appointed as a member of the board of directors;

      b.      Morgan would have a voice in the management and control of the Company;

Defendants' Anti-Slapp Motion to Dismiss
Plaintiffs' Lawsuit

4.     The Company was incorporated on August 23, 2017, pursuant to the laws of the state of Texas, see Exhibit A.  The Company filed an Assumed Name Certificate with the Texas Secretary of State on December 5, 2017, see Exhibit B.

5.     On July 28, 2018, the Company issued stock certificates to the Investors, see Exhibit C.  Morgan was, and is currently not, a shareholder in the Company.  Therefore, she has no standing to bring the suit.

6.     No written agreement was executed amongst the Company shareholders describing how the Company should be operated and outlining the shareholders' rights and obligations.

7.     Being that the Company was incorporated pursuant to the laws of the state of Texas,  Section 21.101 of the Texas Business Organizations Code governs the legal requirements of a shareholder agreement.

8.     Section 21.101 of the Texas Business Organizations Code requires the following:

> *Sec. 21.101.  SHAREHOLDERS' AGREEMENT.  (a)  The shareholders of a corporation may enter into an agreement that:*
> *(1)  restricts the discretion or powers of the board of directors;*
> *(2)  eliminates the board of directors and authorizes the business and affairs of the corporation to be managed, wholly or partly, by one or more of its shareholders or other persons;*

Page 3

Defendants' Anti-Slapp Motion to Dismiss
Plaintiffs' Lawsuit

(3)    establishes the individuals who shall serve as directors or officers of the corporation;

(4)    determines the term of office, manner of selection or removal, or terms or conditions of employment of a director, officer, or other employee of the corporation, regardless of the length of employment;

(5)    governs the authorization or making of distributions whether in proportion to ownership of shares, subject to Section 21.303;

(6)    determines the manner in which profits and losses will be apportioned;

(7)    governs, in general or with regard to specific matters, the exercise or division of voting power by and between the shareholders, directors, or other persons, including use of disproportionate voting rights or director proxies;

(8)    establishes the terms of an agreement for the transfer or use of property or for the provision of services between the corporation and another person, including a shareholder, director, officer, or employee of the corporation;

(9)    authorizes arbitration or grants authority to a shareholder or other person to resolve any issue about which there is a deadlock among the directors, shareholders, or other persons authorized to manage the corporation;

(10)    requires winding up and termination of the corporation at the request of one or more shareholders or on the occurrence of a specified event or contingency, in which case the winding up and termination of the corporation will proceed as if all of the shareholders had consented in writing to the winding up and termination as provided by Subchapter K;

(11)    with regard to one or more social purposes specified in the corporation's certificate of formation, governs the exercise of corporate powers, the management of the operations and affairs of the corporation, the approval by shareholders or other

Defendants' Anti-Slapp Motion to Dismiss
Plaintiffs' Lawsuit

*persons of corporate actions, or the relationship among the shareholders, the directors, and the corporation; or*

*(12)   otherwise governs the exercise of corporate powers, the management of the business and affairs of the corporation, or the relationship among the shareholders, the directors, and the corporation as if the corporation were a partnership or in a manner that would otherwise be appropriate only among partners and not contrary to public policy.*

*(b) A shareholders' agreement authorized by this section must be:*

*(1)  contained in:*

*(A)   the certificate of formation or bylaws if approved by all of the shareholders at the time of the agreement;  or*

*(B)  a written agreement that is:*

*(i)  signed by all of the shareholders at the time of the agreement;  and*

*(ii)  made known to the corporation;  and*

*(2)  amended only by all of the shareholders at the time of the amendment, unless the agreement provides otherwise.*

9.     There is no evidence of the existence of a written shareholder agreement pursuant to the requirements of the Texas Business Organizations Code.

## 2.   STATUTE OF FRAUDS TITLE 3, CHAPTER 26 OF THE TEXAS BUSINESS AND COMMERCIAL CODE GOVERNS THE ENFORCEABILITY OF AGREEMENTS

*Sec. 26.01.  PROMISE OR AGREEMENT MUST BE IN WRITING.*

*(a)  A promise or agreement described in Subsection (b) of this section is not enforceable unless the promise or agreement, or a memorandum of it, is*

Defendants' Anti-Slapp Motion to Dismiss
Plaintiffs' Lawsuit

*(1)  in writing;  and*
*(2)  signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him.*
*(b)  Subsection (a) of this section applies to:*
*(6)  an agreement which is not to be performed within one year from the date of making the agreement;*

10.    A contract not performable within one year must be in writing. *Tex. Bus. & Com. Code Ann. § 26.01(b)(6)* (1987). The writing itself is not the contract. It is only evidence of the parties' agreement to perform an act. It is the act which must be performable within one year, not the contract. When an agreement by its terms cannot be completed within one year, it must be in writing to be enforceable. The possibility of performance within one year must have been within the contemplation of the parties to satisfy the statute of frauds. The possibility may not be so remote and unforeseen that it was entirely beyond the contemplation of the parties.  *Mann v. NCNB Texas Nat'l Bank  --* 854 S.W.2d 664 *; 1992 Tex. App. LEXIS 3313

11.    The alleged acts contemplated by the verbal shareholder agreement were to endure and be performable beyond a one (1) year period of time.  Morgan and the Investors contemplated that they would be entitled to receive a share of profits during each and every year the Company was in existence.  Therefore, the

Defendants' Anti-Slapp Motion to Dismiss
Plaintiffs' Lawsuit

acts contemplated by the verbal agreement could not be performed within a one (1) year period of time.

### 3.     TEXAS CIVIL PRACTICE AND REMEDY CODE 27.001 (ANTI-SLAPP MOTION TO DISMISS)

12.     Being that the Corporation was organized pursuant to the laws of the state of Texas the Texas Civil Practice and Remedy Code 27.001 et.seq. governs.

13.     The TCPA is codified in Tex. Civ. Prac. & Rem. Code § 27.001 et. seq. The TCPA'S "purpose is to identify and summarily dispose of lawsuits designed only t0 chill First Amendment rights, not to dismiss meritorious lawsuits." In re Lipsky, 460 S.W.3d 679 (Tex. 2015).

14.     TCPA motions to dismiss employ a three (3) step process. Here, the Defendants must show "by a preponderance of the evidence that the legal action is based 0n, relates to, or is in response to the Defendants exercise of (1) the right 0f free speech; (2) the right to petition; or (3) the right of association." Tex. Civ. Prac. & Rem. Code § 27.005 (b). Second, the burden shifts to the Plaintiff to show, by "clear and specific evidence a prima facie case for each essential element of the claim in question." Id. § 27.005(0). Third, the burden then shifts back to the Defendants to show "by a preponderance of the evidence each essential element of valid defense to Plaintiffs' claim." Id. § 27.005(d).

Defendants' Anti-Slapp Motion to Dismiss
Plaintiffs' Lawsuit

15.    The statute broadly defines the "exercise of the right to petition" to mean "a communication in 0r pertaining to a judicial proceeding." Tex. Civ. Prac. & Rem. Code § 27.001(4)(a)(i). Pleadings are evidence for the purposes of the TCPA.   An appellate court upheld a dismissal under the TCPA when it was determined that a claim was solely about a lawsuit because inter alia the claims on their face complained about the filing of a lawsuit and the filing of a lis pendens. Serafine v. Blunt, 466 S.W.3d 352. (Tex. App.—Austin, 2015).

### 4.    CALIFORNIA CODE CIV. PROC., § 425.16 (ANTI-SLAPP MOTION TO DISMISS)

16.    In the alternative, but without waiving the foregoing, Defendants would show that the California Code Civ. Pro. §425.16 provides for a dismissal of Plaintiffs' lawsuit.

17.    In the case *Medical Marijuana, Inc. v. ProjectCBD.com -* 46 Cal. App. 5th 869 *; 260 Cal. Rptr. 3d 237 **; 2020 Cal. App. LEXIS 233 , the Court opined that to make a showing under the first prong of the anti-SLAPP analysis, a defendant need not show that the actions it is alleged to have taken were protected as a matter of law, but need only establish a prima facie case that its alleged actions fell into one of the categories listed in *Code Civ. Proc., § 425.16, subd. (e)*. If the court finds that

Page 8

Defendants' Anti-Slapp Motion to Dismiss
Plaintiffs' Lawsuit

the defendant has made the required showing, the burden shifts to the plaintiff to demonstrate that there is a probability that the plaintiff will prevail on the claim. *§ 425.16, subd. (b)(1)*. The second step of the anti-SLAPP analysis consists of a summary-judgment-like procedure. At this stage, the court does not weigh evidence or resolve conflicting factual claims. Its inquiry is limited to whether the plaintiff has stated a legally sufficient claim and made prima facie factual showing sufficient to sustain a favorable judgment. It accepts the Plaintiffs' evidence as true and evaluates the defendant's showing only to determine if it defeats the Plaintiffs' claim as a matter of law. Only a cause of action that satisfies both prongs of the anti-SLAPP statute—i.e., one that arises from protected speech or petitioning and lacks even minimal merit—is a SLAPP, subject to be stricken under the statute.

18.     The California *Code Civ. Proc., § 425.16*, provides no mechanism for granting anti-SLAPP motions with leave to amend. Courts have routinely concluded that plaintiffs may not be permitted to evade the intent of the anti-SLAPP statute by amendment once faced with an anti-SLAPP motion. One of the reasons that a plaintiff is not permitted to amend in the face of an anti-SLAPP motion, and particularly after obtaining a ruling on an anti-SLAPP motion, is to prevent a lawsuit from becoming a moving target and thereby undermining the very purpose of the

Defendants' Anti-Slapp Motion to Dismiss
Plaintiffs' Lawsuit

statute. Allowing a SLAPP plaintiff leave to amend the complaint once the court finds the prima facie showing has been met would completely undermine the statute by providing the pleader a ready escape from the *§ 425.16* quick dismissal remedy. Instead of having to show a probability of success on the merits, the SLAPP plaintiff would be able to go back to the drawing board with a second opportunity to disguise the vexatious nature of the suit through more artful pleading. This would trigger a second round of pleadings, a fresh motion to strike, and inevitably another request for leave to amend. Such a plaintiff would accomplish indirectly what could not be accomplished directly, i.e., depleting the defendant's energy and draining his or her resources. *Medical Marijuana, Inc. v. ProjectCBD.com -* 46 Cal. App. 5th 869 *; 260 Cal. Rptr. 3d 237 **; 2020 Cal. App. LEXIS 233

19.     The Court in *Mandel v. Hafermann -* 503 F. Supp. 3d 946 *; 2020 U.S. Dist. LEXIS 223698 **; 2020 WL 7025092, held that countenancing no such usurpation of the federal rules, the Ninth Circuit in Planned Parenthood set forth the standard for district courts' evaluation of anti-SLAPP motions: where an anti-SLAPP motion challenges only the legal sufficiency of a claim, a district should apply the Fed. R. Civ. P. 12(b)(6) standard.

20.     Defendants' motion challenges only the legal sufficiency of Plaintiffs' claims.  Such challenge being the enforceability of a verbal shareholder agreement

Page 10

Defendants' Anti-Slapp Motion to Dismiss
Plaintiffs' Lawsuit

relying on Sec. 21.101 of the Texas Business Organizations Code and Title 3

Chapter 26.01 26.01 of the Texas Business and Commerce Code

21.    The litigation privilege is an affirmative defense. Defendants bear the

burden of proof when asserting an affirmative defense in the context of an anti-

SLAPP motion. The privilege applies to any communication (1) made in judicial or

quasi-judicial proceedings; (2) by litigants or other participants authorized by law;

(3) to achieve the objects of the litigation; and (4) that have some connection or

logical relation to the action. If the challenged action falls within the litigation

privilege, the trial court should grant an anti-SLAPP motion to strike. A plaintiff

cannot establish a probability of prevailing if the litigation privilege precludes the

defendant's liability on the claim. It reaches testimony in court and statements made

in pleadings, as well as documents submitted in connection with motions. *Mandel*

*v. Hafermann -* 503 F. Supp. 3d 946 *; 2020 U.S. Dist. LEXIS 223698 **; 2020

WL 7025092


**ARGUMENT**

22.    All of Plaintiffs' allegations relate back to the alleged verbal

shareholder agreement on which Plaintiffs rely in their lawsuit.  Each claim of

Plaintiffs implicates the TCPA or the CCCP §425.16.

Defendants' Anti-Slapp Motion to Dismiss
Plaintiffs' Lawsuit

23.     It is clear beyond all doubt that Plaintiffs' claims "are based on, relates to, or is in response to Defendants' communication in or pertaining to a judicial proceeding.

24.     Defendants filed a First Amended Answer containing affirmative defenses of Statue of Frauds and Litigation Privilege.  Plaintiffs' claims in their lawsuit must be dismissed per the TCPA or the CCCP §425.16.

25.     Defendants clearly show that the TCPA applies to Plaintiffs' claims against Defendants.   In the alternative, but without waiving the foregoing, Defendants clearly show that California Code Civ. Proc. §425.16 applies.

26.     The Court should make the additional finding that Plaintiffs brought their claims in their lawsuit to deter or to prevent Defendants from exercising her constitutional rights and that the claims were brought for an improper purpose, including harassment, for unnecessary delay, and to increase the cost of litigation. Tex. Civ. Prac. & Rem. Code § 27.007(a).

WHEREFORE, PREMISES CONDIERED, DO NGUYEN and AMOUR INTERNATIONAL, INC. d/b/a NUREVOLUTION, respectfully request that Plaintiffs' lawsuit be dismissed with prejudice, that Plaintiffs should be sanctioned, Defendants be awarded attorney's fees (see Affidavit of Defendants' attorney as Exhibit "D"), and for such other and further relief, in law and in equity, as is just.

Defendants' Anti-Slapp Motion to Dismiss
Plaintiffs' Lawsuit

Dated, May 9, 2023.

Respectfully submitted,
WILSON & ASSOCIATES, P.C.

/s/ Stuart N. Wilson
STUART N. WILSON
TBC #21723300
Federal I.D. No. 5626
2100 West Loop South, Suite 1125
Houston, Texas  77027
Phone No.: (713) 479-9700
Fax No.:    (713) 871-9820
Service            Email          –
stuartwilson@swilsonpc.com
**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing *Defendants, Do Nguyen And Amour International, Inc. d/b/a NuRevolution Anti-Slapp Motion To Dismiss Plaintiffs' Lawsuit,* I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties who have appeared and registered with CM/ECF and I have served on the following attorney of record, by electronic mail, and/or fax, and/or U.S. Mail, and/or Certified Mail, Return Receipt Requested on this the 9th day of May, 2023.

Mr. Dennis Fitzpatrick - dpfitz.21@gmail.com
205 De Anza Blvd., Suite 82
San Mateo, CA 94402

/s/ Stuart N. Wilson
STUART N. WILSON

Page 13

Defendants' Anti-Slapp Motion to Dismiss
Plaintiffs' Lawsuit