UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MORGAN NGUYEN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>DO NGUYEN, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-02814-LB<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: ECF No. 80 |

## INTRODUCTION

The plaintiffs (two corporations and an individual who is their sole shareholder) sued the defendants (an individual and a corporation) in state court for claims (such as fraud and breach of contract) relating to misrepresentations that the defendants allegedly made to induce the plaintiffs' investments.[1] The defendants moved to dismiss the claims under Texas's (or alternatively California's) Strategic Lawsuits Against Public Participation (SLAPP) law, arguing that the claims are based on protected activity and the defendants' statute-of-frauds and litigation-privilege affirmative defenses mean that the plaintiffs are unlikely to prevail.[2] The plaintiffs counter that the defendants raised Texas law because they previously asserted lack of personal jurisdiction, but

---

[1] Compl. – ECF No. 1-1 at 12–21. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Mot. – ECF No. 80.

there is personal jurisdiction, and under California law, (1) the defendants fail to show that the California SLAPP statute applies and (2) the contract is enforceable.[3] In reply, the defendants cite only California law.[4]

The court applies California law and denies the defendants' motion because they failed to show that the first prong of the anti-SLAPP statute is met, that is, that the conduct at issue was protected speech or petitioning activity. At the end of the order, the court also addresses procedural issues raised by the defendants' amended answer and counterclaim.

## STATEMENT

### 1. General Factual Background

Defendant Do Nguyen allegedly made misrepresentations to induce the plaintiffs (Morgan Nguyen and her corporations MN Investment and M International) to invest $540,000 in defendant Amour International. On October 15, 2017, eight days before Amour was formed, Mr. Nguyen solicited the investment allegedly by promising the plaintiffs (1) thirty-five percent of Amour's Series A common stock, (2) a management role and a seat on Amour's board of directors for Ms. Nguyen, (3) a profit-sharing arrangement for the plaintiffs as common stockholders, and (4) the ability to have Mr. Nguyen repurchase their interests in Amour after Amour became profitable. "Said representations were false and known to be false by [Mr.] Nguyen when made."[5] In reliance on the misrepresentations, MN Investment invested $350,000 in Amour, and M International invested $190,000.[6] Amour then issued fifty percent of Amour's Series A common stock and twenty-five percent of its Series B common stock to MN Investment and M International "jointly."[7]

---

[3] Opp'n – ECF No. 92.

[4] Reply – ECF No. 95.

[5] Compl. – ECF No. 1-1 at 13–14 (¶¶ 8–10); Certificate of Formation, Ex. C to Am. Notice of Removal – ECF No. 34-3 at 7–8.

[6] Compl. – ECF No. 1-1 at 14 (¶¶ 9–10).

[7] *Id.* at 20 (¶ 40).

Other than issuing the common stock, Mr. Nguyen did not deliver on his promises. For example, on January 20, 2020, he entered into an oral agreement with Ms. Nguyen to return the investments in January 2021 in exchange for the assignment of the corporations' interest in Amour.[8] Mr. Nguyen "breached this agreement on January 31, 2021, when he failed to return the investments as agreed despite [Amour's] then being profitable."[9] As to Ms. Nguyen's board seat, sometime "[d]uring the period from October 15, 2017 through February 28, 2021," Mr. Nguyen removed Ms. Nguyen from Amour's board "with no notice or cause."[10] And no profits were shared with the plaintiffs, even though Mr. Nguyen "distributed $2,000,000 in profits [to other shareholders] during the period from October 2017 to February 28, 2021."[11]

## 2. Relevant Procedural History

The plaintiffs filed the complaint in state court and the defendants removed the case to federal court.[12] The complaint asserts eight claims, numbered as follows: (1) fraud (MN Investment against all defendants), (2) fraud (M International against all defendants), (3) breach of contract (MN Investment against Mr. Nguyen) (based on Mr. Nguyen's failure to return MN Investment's $350,000 investment), (4) breach of contract (M International against all defendants) (based on Mr. Nguyen's failure to return M International's $190,000 investment), (5) breach of fiduciary duty (MN Investment against Mr. Nguyen), (6) breach of fiduciary duty (M International against Mr. Nguyen), (7) breach of contract (MN Investment against Mr. Nguyen) (based on Mr. Nguyen's failure to share Amour's profits with the plaintiffs), and (8) money had (Ms. Nguyen against Alex Nguyen).[13]

---

[8] *Id.* at 14 (¶ 11).

[9] *Id.* at 15 (¶ 12).

[10] *Id.* at 19 (¶ 35).

[11] *Id.* at 20 (¶¶ 41–43).

[12] Am. Notice of Removal – ECF No. 34.

[13] Compl. – ECF No. 1-1 at 15–20 (¶¶ 15–48).

The parties previously stipulated to dismiss defendants Mira Song, Alex Nguyen, and D&A Commercial Investments LLC for lack of personal jurisdiction.[14] The court thus dismissed the eighth claim. The court also ordered jurisdictional discovery in response to the defendants' motion to dismiss for lack of personal jurisdiction.[15] The plaintiffs add more information about personal jurisdiction in their opposition to the present motion, including that Mr. Nguyen retained two California attorneys, marketed Amour to California residents, invested with Amour in Amour Nailz (which is located in California and was used to test Amour products), employed two California residents, and attended two to three tradeshows per year in California.[16] (These facts are advanced in the opposition, but Ms. Nguyen submitted an affidavit sworn under penalty of perjury before a notary that the facts the plaintiff advance are true.[17])

The court has diversity jurisdiction under 28 U.S.C. § 1332.[18] All parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636.[19] The defendants filed a motion to dismiss under Texas Civil Practice and Remedy Code § 27.003, or in the alternative, under California Code of Civil Procedure § 425.16 (each state's SLAPP law). In the motion, the defendants contend that the statute of frauds and litigation privilege bar the plaintiffs' claims.[20] The plaintiffs opposed the motion and defendants filed a reply in support of the motion.[21] On the same day as their motion, the defendants also filed an amended answer, and several weeks later, they filed a standalone counterclaim.[22] The court held a hearing on June 22, 2023.

---

[14] Minute Entry – ECF No. 42.

[15] Order – ECF No. 46.

[16] Opp'n – ECF No. 92 at 5–6.

[17] Aff. – ECF No. 93.

[18] Order – ECF No. 31; Am. Notice of Removal & Exs. – ECF Nos. 34 to 34-5.

[19] Consents – ECF Nos. 14, 21.

[20] Mot. – ECF No. 80.

[21] Opp'n – ECF No. 92; Reply – ECF No. 95.

[22] Am. Answer – ECF No. 79; Countercl. – ECF No. 89.

## ANALYSIS

The court first addresses the motion to dismiss and then addresses procedural issues identified from the docket.

### 1. Anti-SLAPP Motion

The defendants argue that the court should dismiss the complaint under Texas's or, in the alternative, California's anti-SLAPP statute.[23] The plaintiffs respond that California law applies because the court has personal jurisdiction over Mr. Nguyen and Amour.[24] The defendants cited only California law in their reply.[25] The court applies California Code of Civil Procedure § 425.16, the state's anti-SLAPP law, and denies the motion.

"The choice of law inquiry has two levels. First, [the court] must determine whose choice of law rules govern. Second, applying those rules, [the court] determine[s] whose law applies." *Schoenberg v. Exportadora de Sal, S.A. de C.V.*, 930 F.2d 777, 782 (9th Cir. 1991). In this diversity case, the court looks to California choice of law rules. *Patton v. Cox*, 276 F.3d 493, 495 (9th Cir. 2002) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)).

California courts apply a three-step governmental-interest test to resolve choice of law questions: (1) determine whether the laws of each state differ, (2) if so, determine if each state has an interest in having its law applied, and (3) if so, determine "which state's . . . interests would be more impaired if its policy were subordinated to the policy of the other state." *People ex rel. DuFauchard v. U.S. Fin. Mgmt., Inc.*, 169 Cal. App. 4th 1502, 1520 (2009) (cleaned up).

Here, the analysis ends at the first step: there is no difference between the Texas and California SLAPP laws that would alter the outcome of the motion. *See* Tex. Civ. Prac. & Rem. Code § 27.003; Cal. Civ. Proc. Code § 425.16. The Ninth Circuit has held, albeit in an unpublished case, that the Texas and California statutes are "indistinguishable . . . in all material respects." *Clifford*

---

[23] Mot. – ECF No. 80 at 12.
[24] Opp'n – ECF No. 92.
[25] Reply – ECF No. 95.

*v. Trump*, 818 F. App'x 746, 747 (9th Cir. 2020). Furthermore, notwithstanding the Fifth Circuit's holding that the Texas statute does not apply in federal court, *Klocke v. Watson*, 936 F.3d 240, 244–47 (5th Cir. 2019), the Ninth Circuit held otherwise, *Clifford*, 818 F. App'x at 747. Because there is no actual conflict of laws in this case, California law applies. *See, e.g.*, *Erceg v. LendingClub Corp.*, 475 F. Supp. 3d 1071, 1078 (N.D. Cal. 2020).

### 1.1  Legal Standard

California's anti-SLAPP statute allows a defendant to obtain early dismissal of claims that are designed primarily to chill the exercise of First Amendment rights. *Siam v. Kizilbash*, 130 Cal. App. 4th 1563, 1568 (2005). Section 425.16(b)(1) provides:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that there is a probability that the plaintiff will prevail on the claim.

Section 425.16(e) provides that acts "in furtherance of" these rights include:

> (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law;
> (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law;
> (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; or
> (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

California's anti-SLAPP statute applies to state claims in federal court. *Thomas v. Fry's Elecs., Inc.*, 400 F.3d 1206, 1206–07 (9th Cir. 2005). In ruling on an anti-SLAPP motion, the court engages in a two-step process. *Equilon Enters. v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 67 (2002). First, the court decides whether the defendant has made a threshold showing that the challenged claim arises from acts in furtherance of the defendant's right of petition or free speech under the United States or California constitutions in connection with a public issue. *Id.* Second, "[i]f the court finds [that] such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim." *Id.* The claim is subject to dismissal only

when the defendant shows that the claim is based on protected conduct and the plaintiff fails to show a probability of success on that claim. *Navellier v. Sletten*, 29 Cal. 4th 82, 88–89 (2002).

For the first part of the test, a defendant must make a prima facie showing that the claim "arises from" its conduct "in furtherance of" its exercise of free speech or petition rights as defined in § 425.16(e). *Equilon*, 29 Cal. 4th at 61. "For purposes of the anti-SLAPP statute, a cause of action 'arises from' conduct that it is 'based on.'" *Graham-Sult v. Clainos*, 756 F.3d 724, 735 (9th Cir. 2014) (citing *Copenbarger v. Morris Cerullo World Evangelism*, 215 Cal. App. 4th 1237, 1244–45 (2013)). Thus, a court must ask what activities form the basis for each of a plaintiff's causes of action. *Id.* The court then must ask whether those activities are "protected" and thereby bring the cause of action within the scope of the anti-SLAPP statute. *Id.* (citing *Wallace v. McCubbin*, 196 Cal. App. 4th 1169, 1182–84 (2011)).

For the second part of the test, the burden shifts to the plaintiff to establish as a matter of law that no such protection exists. *Governor Gray Davis Comm. v. Am. Taxpayers Alliance*, 102 Cal. App. 4th 449, 456 (2002). To establish a probability of prevailing, a plaintiff must demonstrate that the complaint is legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited. *Premier Med. Mgmt. Sys., Inc. v. Cal. Ins. Guar. Ass'n*, 136 Cal. App. 4th 464, 476 (2006). The plaintiff also must present evidence to overcome any privilege or defense to the claim that has been raised. *Flatley v. Mauro*, 39 Cal. 4th 299, 323 (2006).

In any action subject to the anti-SLAPP statute, "a prevailing defendant on a special motion to strike shall be entitled to recover that defendant's attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c)(1); *Verizon Del., Inc. v. Covad Commc'ns*, 377 F.3d 1081, 1091 (9th Cir. 2004).

In federal court, federal procedures apply to an anti-SLAPP motion. If the motion challenges the legal sufficiency of the plaintiff's complaint, then federal pleading standards — including granting the plaintiff leave to amend — apply, and the motion is decided under the same standards as a motion to dismiss under Rule 12(b)(6). *Verizon Del.*, 377 F.3d at 1091; *Rogers v. Home Shopping Network, Inc.*, 57 F. Supp. 2d 973, 982–83 (C.D. Cal. 1999); *Planned Parenthood Fed'n of Am., Inc. v. Ctr. For Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018). If a motion to strike is

based on a plaintiff's alleged failure of proof, then the court treats the motion as a motion under Rule 56. *Rogers*, 57 F. Supp. 2d at 983.

### 1.2 Application

Here, the defendants' anti-SLAPP motion fails at the first part of the test: the claims are not based on conduct that was in furtherance of the exercise of free speech or petition rights. As the plaintiffs point out, the defendants do not specify how the defendants' actions or speech fall into any of the categories set forth in § 425.16(e).[26] The defendants thus fail to make a prima facie showing at the first step. *Coretronic Corp. v. Cozen O'Connor*, 192 Cal. App. 4th 1381, 1389 (2011) (the defendant "conflated the first and second prongs of the anti-SLAPP analysis" where its arguments addressed "the merits of the claims" before first demonstrating that the "claims [arose] from protected speech or petitioning activity."). In any case, the claims here are based only on private business negotiations, which is not speech "in connection with a public issue." Cal. Civ. Proc. Code § 425.16(b)(1); *Diamond Resorts U.S. Collection Dev., LLC v. Pandora Mktg., LLC*, 500 F. Supp. 3d 1104, 1114 (C.D. Cal. 2020) (anti-SLAPP statute does not apply to private communications used for "business purposes alone," where "the information never entered the public sphere nor did the parties intend it to") (citing *FilmOn.com Inc. v. DoubleVerify Inc.*, 7 Cal. 5th 133, 152–54 (2019)). The court thus denies the anti-SLAPP motion.

The defendants rely on *Medical Marijuana, Inc. v. ProjectCBD.com*, 46 Cal. App. 5th 869 (2020), to argue that their burden on the first step of the anti-SLAPP analysis is low and they have met that burden.[27] As the *Medical Marijuana* court noted, a defendant need only make a prima facie showing at the first step. *Id.* at 882. But in that case, the parties agreed that the plaintiff's claims arose from the defendant's protected speech. *Id.* at 885. Here, on the other hand, the issue is disputed and the defendants have not made the required showing.

The defendants also raise the litigation privilege, which is an affirmative defense.[28]

---

[26] Opp'n – ECF No. 92 at 11.

[27] Mot. – ECF No. 80 at 8.

[28] *Id.* at 11.

The litigation privilege protects "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Crossroads Invs., L.P. v. Fed. Nat'l Mortg. Ass'n*, 13 Cal. App. 5th 757, 785–86 (2017). Strictly speaking, "affirmative defenses, such as the litigation privilege, are not relevant to the first prong" of the anti-SLAPP test. *Hart v. Larson*, 232 F. Supp. 3d 1128, 1133–34 (S.D. Cal. 2017). But the litigation privilege is conceptually similar to one of the California anti-SLAPP statute's examples of conduct in furtherance of speech or petitioning rights: "any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law." Cal. Civ. Proc. Code § 425.16(e)(1). "Even when litigation may not have commenced, if a statement concerns the subject of the dispute and is made in anticipation of litigation contemplated in good faith and under serious consideration, then the statement may be petitioning activity protected by section 425.16." *Diamond Resorts*, 500 F. Supp. 3d at 1111 (cleaned up).

Here, the conduct at issue is the business negotiations that underlie the legal dispute, not statements made during or in anticipation of litigation. There is no indication (on the current record) that the defendants' representations at issue were made with litigation "under serious consideration." *Id.* at 1111–13.

The parties also dispute the applicability of the statute of frauds affirmative defense, but the defendants only raise that defense for purposes of the second prong of the anti-SLAPP analysis.[29] As discussed, the court need not reach the second prong here.

Because the court denies the defendants' anti-SLAPP motion, the court also denies their request for attorney's fees. Cal. Civ. Proc. Code § 425.16(c)(1).

---

[29] Reply – ECF No. 95 at 4 ("When evaluating an affirmative defense in connection with the second prong of the analysis of an anti-SLAPP motion, a court . . . generally should consider whether the defendant's evidence in support of an affirmative defense is sufficient . . . .").

**2. Procedural Matters**

The court also briefly addresses procedural issues raised by the defendants' recent filings.

First, the defendants filed an amended answer on May 9, 2023, about a year after filing their original answer.[30] An answer can be amended once as of right, but only within twenty-one days of serving it. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend its pleadings only with the written consent of the opposing party or the court's leave. Fed. R. Civ. P. 15(a)(2). The court assumes, given the lack of an objection, that there was written consent. In any event, because the pleadings cutoff is not until September 1, 2023, and leave is to be freely given under Rule 15(a), the court allows the amendment.

Second, the defendants filed a counterclaim as a standalone document on May 26, 2023.[31] But Rule 7 does not allow a counterclaim as a standalone pleading. Fed. R. Civ. P. 7(a). The counterclaim should instead be incorporated into the defendants' operative answer. The court thus strikes the counterclaim. If the defendants wish to amend their answer again, they should obtain the plaintiffs' written consent or move for leave to file an amended answer. 5 Wright & Miller, Fed. Prac. & Proc., Pleadings and Motions § 1184 (4th ed. 2023) ("[T]he court may grant leave to amend an answer after the 21-day window contemplated by [Rule 15(a)(1)] has passed if a counterclaim is improperly filed as a standalone document, rather than incorporated into the filed answer.").

## CONCLUSION

The court denies the defendants' motion. This resolves ECF No. 80.

**IT IS SO ORDERED.**

Dated: June 25, 2023

LAUREL BEELER
United States Magistrate Judge

---

[30] Answer – ECF No. 29; Am. Answer – ECF No. 79.

[31] Countercl. – ECF No. 89.